
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ORRIN CARR, | No. 12-15924 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-01931-LJO-GBC |
| v. | |
| MATTHEW L. CATE; JAMES A. YATES, Warden, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted November 18, 2014
San Francisco, California

Before: FERNANDEZ and IKUTA, Circuit Judges, and DANIEL, Senior District Judge.**

Orrin Carr (Carr), appeals from the district court's grant of Defendants'

motion for summary judgment. We have jurisdiction under 28 U.S.C. § 1291.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Wiley Y. Daniel, Senior District Judge for the U.S. District Court of Colorado, sitting by designation.

We reverse and remand to the district court for further proceedings.

We review de novo the district court's grant of summary judgment, drawing all reasonable inferences in Carr's favor. *See Zeinali v. Raytheon Co.*, 636 F.3d 544, 547 (9th Cir. 2011). Carr, a California state prisoner, left a Christmas card for a prison staff member with the message "Sorry" written inside. As a result, Carr was charged and found guilty of a violation of Title 15 of the California Code of Regulations § 3013 (Cal. Code Regs. Tit. 15, § 3013). Section 3013 reads as follows: "Unlawful Influence. Inmates shall not attempt to gain special consideration or favor from other inmates, employees, institution visitors or any other person by the use of bribery, threat or other unlawful means." Cal. Code Regs. Tit. 15, § 3013.

The district court granted Defendants' motion for summary judgment, holding that Defendants were entitled to judgment as a matter of law on Carr's claim. We disagree and conclude that Carr was not on notice that his conduct violated Cal. Code Regs. Tit. 15, § 3013, therefore, the prison violated Carr's due process rights. *See Newell v. Sauser*, 79 F.3d 115, 117 (9th Cir. 1996). The district court's grant of summary judgment in favor of the Defendants is reversed and remanded for further proceedings.

Carr also argues that the district court erred in denying his motion to compel discovery to show the prison enforced an undefined regulation called "over familiarity" under the pretext of other rules. However, we need not consider this issue because we decide on other grounds, and thus the question of whether summary judgment was properly granted on Carr's discovery request is moot.

**REVERSED AND REMANDED**.